IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DANIEL M. CASTILLO and MARY R. CASTILLO, | § § § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:13-CV-4554-M-(BH) |
| | § | |
| BENEFICIAL FINANCIAL I INC., | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSION, AND RECOMMENDATION

Pursuant to *Special Order No. 3-251*, this case was referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court for recommendation is *Beneficial Financial I Inc.'s Motion for Judgment on the Pleadings*, filed March 19, 2015 (doc. 13).  Based on the relevant filings and applicable law, the motion should be **GRANTED.**

## I. BACKGROUND

This case involves the attempted foreclosure of the property located at 878 S. Munson Road, Royse City, Texas 75189-6354 (the Property).  (*See* doc. 4 at 6.)[1]  On October 24, 2013, Daniel M. Castillo and Mary R. Castillo (Plaintiffs) filed this action in state court against Beneficial Financial I Inc. (Defendant).  (*See id.* at 5.)  On November 14, 2013, Defendant removed the action to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332.  (doc. 1.)

Plaintiffs allege that they acquired the Property via a general warranty deed from a Duane Thomas on or about October 23, 1995.  (doc. 4 at 6.)  On October 19, 2007, they executed a loan agreement for a home equity loan from Beneficial Texas Inc. (Original Lender) in the original

---

[1]Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

principal amount of $171,900.07 (the Loan Agreement).  (doc. 15 at 3-9.)  They also executed a

Mortgage Home Equity - First Lien (the Deed of Trust), which secured payment of the Loan

Agreement.  (*Id.* at 11-21.)  The Deed of Trust provided that Original Lender was the mortgagee or

beneficiary.  (*Id.* at 11.)  Section 19 of the Deed of Trust provided, in relevant part:

> Lender shall give notice to Borrower prior to acceleration following Borrower's
> breach ...The notice shall specify: (a) the default; (b) the action required to cure the
> default; (c) a date, not less than 30 days from the date the notice is given to
> Borrower, by which the default must be cured; and (d) that failure to cure the default
> on or before the date specified in the notice will result in acceleration of the sums
> secured by this Mortgage and commencement of Lender's remedies hereunder.  The
> notice shall further inform Borrower of the right to reinstate after acceleration and
> the right to bring a court action to assert the non-existence of a default or any other
> defense of Borrower to acceleration and sale.
> ...
>
> If the default is not cured on or before the date specified in the notice, Lender at its
> option may require immediate payment in full of all sums secured by this Mortgage
> without further demand and ... upon written request of Lender may, institute
> proceedings to foreclose the lien of this Mortgage either by judicial foreclosure or
> by court order in accordance with ... Article XVI, Section 50(r) of the Texas
> Constitution or, to the extent such promulgated rules or a court order permit, Lender
> may invoke the power of sale.

(*Id.* at 15.)

On September 22, 2009, Original Lender and Defendant entered into an Articles of Merger

and an Agreement and Plan of Merger of Beneficial Texas Inc. With and Into Beneficial Financial

I Inc. (the Merger Agreement), pursuant to which Original Lender merged with and into Defendant

effective October 1, 2009 (with Defendant being the surviving corporation).  (*Id.* at 20-30.)  As of

October 1, 2009, Original Lender was merged into Defendant, and Defendant possessed "all the

assets, properties, rights, privileges ... of [Original Lender], and ... all property, real, personal and

mixed, and all debts due to [Original Lender] on whatever account, including as note holder and

mortgagee on all Original Lender notes and mortgages respectively."  (*Id.* at 26.)

On April 16, 2011, Defendant sent Plaintiffs a Notice of Right to Cure Default in both English and Spanish (the Notice of Default). (*Id*. at 31-34.) The Notice of Default informed Plaintiffs that the terms of the note and the Deed of Trust had been breached due to Plaintiffs' failure to make payments that were due on or after November 24, 2010. (*Id*. at 33.) The Notice of Default further informed Plaintiffs of the total amount they would have to pay in order to cure the default. (*Id*.) In terms of disclosure, the Notice of Default stated:

> We have declared your loan past due and will accelerate the maturity of the Note if the above referenced breach is not remedied as outlined by this letter. You have the right to reinstate after acceleration and to bring court action to assert the non-existence of a default or any other defense you may have to acceleration and sale of your property.

(*Id*.)

Plaintiffs contend that Defendant has attempted to invoke the power of sale and the remedies set out in Section 19 by filing a "Rule 736 Application for Home Equity Foreclosure and Affidavit" in state court. (doc. 4 at 7.) Although Defendant claimed it was a successor to Original Lender, they claim it "pleaded no facts and provided no evidence" in supporting affidavits and documents to the Rule 736 Application. (*Id*.) Plaintiffs further allege that the copy of the note[2] attached to the Rule 736 Application did not contain an indorsement or allonge, and therefore the note was never negotiated from Original Lender to Defendant or any other party. (*Id*.) As such, Plaintiffs contend "on information and belief" that Defendant is not a successor to Original Lender. (*Id*.)

Alternatively, Plaintiffs contend that if Defendant is a successor, it did not acquire their note. (*Id*.) Plaintiffs allege that "[u]pon information and belief," Defendant is not a "Lender" as that term is defined in the Deed of Trust. (*Id*.) They assert that because it is not a lender, Defendant cannot

---

[2]Both parties refer to the Loan Agreement as the "note." (*See* doc. 4 at 6; doc. 15 at 1.) However, it is not clear whether there is a separate promissory note evidencing the debt secured by the Deed of Trust.

accelerate the debt, seek a judicial foreclosure, or invoke the power of sale. (*Id*.)

Plaintiffs argue "concurrently or in the alternative" that Defendant may not invoke the remedies allowed by Section 19 of the Deed of Trust because Plaintiffs have not satisfied the conditions precedent to invoking the remedies. (*Id*. at 7-8.) According to Plaintiffs, the notices sent to them did not mention that Plaintiffs' failure to cure their default would result in the lender commencing the remedies set out in Section 19. (*Id*. at 8.) Additionally, they contend that a notice sent to them by Hughes Watters Askanase, L.L.P. on March 11, 2013, which stated that it was a notice required by law and the terms of the applicable loan documents, did not advise them of their right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale. (*Id*.)

On March 19, 2015, Defendant moved for judgment on the pleadings under Fed. R. Civ. P. 12(c). (doc. 13.) With a timely-filed response (doc. 14) and reply (doc. 18), the motion is now ripe.

## II.  RULE 12(C) STANDARD

Defendant moves for judgment on the pleadings under Rule 12(c). (doc. 13 at 1-2.)

Rule 12(c) provides that parties may move for judgment on the pleadings "[a]fter the pleadings are closed–but early enough not to delay trial." Fed. R. Civ. P. 12(c). Rule 12(c) motions are "designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)(citation omitted). The standard for deciding a Rule 12(c) motion is the same as for a Rule 12 (b)(6) motion to dismiss. *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be

granted. Fed. R. Civ. P. 12(b)(6). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

As noted, a court cannot look beyond the pleadings in deciding a 12(b)(6) motion. *Spivey*, 197 F.3d at 774; *Baker*, 75 F.3d at 196.  "Pleadings" for purposes of a Rule 12(b)(6) motion include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).  Likewise, documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim[s]." *Collins*, 224 F.3d at 499 (quotations omitted); *accord Benchmark Elecs.*, 343 F.3d at 725.  It is also "clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994).

Here, Defendant attaches to its motion copies of the Loan Agreement, the Deed of Trust, the Merger Agreement, and the Notice of Default.  (doc. 15.)  The Loan Agreement, the Deed of Trust, and the Notice of Default are referenced in Plaintiffs' petition and are central to their theory in the case, and therefore they are considered part of the pleadings.  The Deed of Trust and the Merger Agreement are matters of public record that can be judicially noticed. *See* Fed. R. Evid. 201(b)(2); *Matter of Manges*, 29 F.3d 1034, 1042 (5th Cir. 1994) (taking judicial notice of "unimpeached certified copies of ... deeds and assignments"); *Marban v. PNC Mortg.*, No. 3:12-cv-3952-M, 2013 WL 3356285, at * 3 (N.D. Tex. July 3, 2012)(taking judicial notice of the defendant's certificate of merger with the original mortgagee because "[t]he certificate of merger is a matter of public record that can be judicially noticed"); *Lewis v. Wells Fargo Bank, N.A.*, 939 F.Supp.2d 634, 637 (N.D. Tex. 2013) (taking judicial notice of the defendant bank's merger with the original mortgagee).  Because the documents attached to the motion for judgment are either considered part of the

pleadings or are subject to judicial notice, conversion of the motion for judgment into a motion for summary judgment is unnecessary.

## A.      Quiet Title/Trespass to Try Title

Defendant moves to dismiss Plaintiffs' quiet title and trespass to try title claims because, other than its assertion that there was no transfer or assignment of the note, the petition is devoid of any factual enhancement to show that Plaintiffs' allegations regarding these claims can be accepted as true.  (doc. 14 at 5.)  It also contends that public records show that as the surviving corporation of the merger with Original Lender, it has possession of the Deed of Trust and the note.  (*Id.*)

A suit to quiet title, also known as a claim to remove cloud from title, "relies on the invalidity of the defendant's claim to property." *Gordon v. W. Houston Trees, Ltd.*, 352 S.W.3d 32, 42 (Tex. App.—Houston [1st Dist.] 2011, no pet.).  This suit "enable[s] the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right." *Bell v. Ott*, 606 S.W.2d 942, 952 (Tex. Civ. App.—Waco 1980, writ ref'd n.r.e.)(citation and internal quotation marks omitted).  To prevail, a plaintiff must show that: (1) he has an interest in a specific property; (2) his title to the property is affected by a claim by the defendant; and (3) the claim, although facially valid, is invalid or unenforceable. *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 766 (N.D. Tex. 2012)(citing *U.S. Nat'l Bank Ass'n v. Johnson*, No. 01-10-00837-CV, 2011 WL 6938507, at *3 (Tex. App.—Houston [1st Dist.] Dec. 30, 2011, no pet.) (mem. op.)).  The plaintiff "must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see he or she has a right of ownership that will warrant judicial interference." *Id.* at 766–67 (citing *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App.—Beaumont 2000, pet. denied)).  Notably, the plaintiff must prove and recover on the strength of his own title,

not on the weakness of his adversary's title. *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001, no pet.).

"An action in trespass to try title is the method of determining title to lands, tenements, or other real property." Tex. Prop. Code Ann. § 22.001 (West 2000). This action "is in its nature a suit to recover the possession of land unlawfully withheld from the owner and to which he has the right of immediate possession." *Rocha v. Campos*, 574 S.W.2d 233, 235 (Tex. App.—Corpus Christi 1978, no writ.) (citations omitted). To prevail, a plaintiff must either: "(1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not abandoned." *Hurd*, 880 F. Supp. 2d at 767 (citing *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004)). As with a suit to quiet title, the plaintiff "must recover upon the strength of his own title and not the weakness of the defendant's title." *Rocha*, 574 S.W.2d at 236 (citing to *Hejl v. Wirth*, 343 S.W.2d 226 (Tex. 1961), and *Kauffman v. Shellworth*, 64 Tex. 179 (1885)).

Plaintiffs contend that pursuant to the general warranty deed from Mr. Thomas, they are the rightful owners of and have superior title to the Property. (doc. 4 at 9.) They allege that Defendant's claims to title to the Property and its lien on the Property are invalid because there was no transfer or assignment of the note to Defendant. (*Id*. at 3-4.) According to Plaintiffs, they therefore remain the legal and equitable owners of the Property. (*Id*. at 4.)

Original Lender was the "beneficiary" under the Deed of Trust and therefore the mortgagee of Plaintiffs' mortgage. *See* Tex. Prop. Code § 51.0001(4)(A) (*see also* doc.15 at 11.) Despite Plaintiffs' contentions, the Merger Agreement shows that Original Lender merged with Defendant in 2009. (*See* doc. 15 at 26.) Pursuant to the Merger Agreement, Defendant acquired Original

Lender's debts, including its notes and mortgages. (*Id.* at 26.) Additionally, under the law, upon

its merger with Original Lender, Defendant, as the surviving entity, automatically acquired Original

Lender's status as Lender and mortgagee, as well as all of its interests in the Property. *See Marban,*

2013 WL 3356285, at \*5; *Wasserberg v. Flooring Servs. of Texas, LLC*, 376 S.W.3d 202, 207 n. 4

(Tex. App. —Houston [1st Dist.] 2012, no pet.) (explaining that pursuant to Texas law, "all rights

of the parties to [a] merger [are] allocated to and vested in the surviving entity without the need for

any formal transfer or assignment." (citing to Tex. Bus. Org. Code Ann. § 10.008(a)(2) (West

2011)); *see also Lewis*, 939 F. Supp.2d at 637 ("By virtue of its successor status, [the defendant] also

has the status of Lender under the deed of trust signed by [the plaintiff]."); *Salazar v. BAC Home*

*Loans Servicing, LP*, No. 3:11-CV-1309-L, 2012 WL 995296, at \*4 (N.D. Tex. Mar. 23, 2012)

(holding that as "the successor in interest" to the original lender, the defendant became "the holder

of the Note and Deed of Trust for the property at issue") (citation omitted).

Accordingly, Plaintiffs' allegations fail to raise a reasonable inference that they had superior

title to the Property vis-a-vis Defendant, or that Defendant has asserted a claim that is invalid or

unenforceable. *See Bryant v. JP Morgan Chase Bank,* No. 3:12-cv-2650-M, 2013 WL 664708, at

\*7 (N.D. Feb. 4, 2013)(dismissing quiet title and trespass to try title claims where the recorded

assignment negated the plaintiff's allegation that he held superior title to the property via a warranty

deed); *Morlock, L.L.C. v. Bank of Am., N.A.*, No. CIV.A. H-12-0364, 2012 WL 1640895, at \*4 (S.D.

Tex. May 8, 2012) (dismissing quiet title claim where the deed of trust, the recorded assignment of

the deed of trust, and a condominium declaration negated the plaintiff's allegation that he held

superior title to the property); *Cole v. Fed. Home Mortg. Corp.*, No. 3:11-cv-1833-M-BK, 2012 WL

555194, at \*3 (N.D.Tex. Jan. 23, 2012), *rec. adopted*, 2012 WL 556055 (N.D.Tex. Feb. 21, 2012)

(dismissing quiet title and trespass to try title claims that were based on the defendant's purported

failure to provide "proof" that it was the holder of the note and entitled to enforce the Deed of

Trust). Plaintiffs' quiet title and trespass to try title claims are therefore subject to dismissal on this

basis, and Defendant's motion should be granted.[3]

## B.   Breach of Contract

Defendant urges dismissal of Plaintiffs' breach of contract claim on the basis that they cannot

show a breach of the deed of trust because the Notice of Default clearly addresses both the right to

bring a court action and Defendant's intent that it will accelerate the loan if Plaintiffs fail to timely

cure their default. (doc. 14 at 8.) It also argues that Plaintiffs fail to allege any damage caused by

the alleged breach. (*Id*. at 9.)

The essential elements of a breach of contract claim in Texas are: (1) the existence of a valid

contract; (2) breach of the contract by the defendant; (3) performance or tendered performance by

the plaintiff; and (4) damages sustained by the plaintiff as a result of the defendant's breach. *Mullins*

*v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (citing *Aguiar v. Segal*, 167 S.W.3d 443, 450

(Tex. App.—Houston [14th Dist.] 2005, pet. denied)).

Plaintiffs allege that in the event Defendant is found to be a successor to Original Lender,

it breached Section 19 of the Deed of Trust. (doc. 4 at 9.) They contend that Defendant failed to

provide them with notice of their right to bring a court action to assert the non-existence of a default

---

[3]Defendant further argues that Plaintiffs' trespass to try title claim fails as a matter of law because they do not allege that they remain in possession of the Property. (doc. 14 at 5-6.) Plaintiffs fail to allege that they remain in possession of the Property, but they seek to maintain possession of the Property as part of their trespass to try title claim. (*See* doc. 4 at 10.) They also seek declarations that Defendant cannot acquire the Property, take title to it, or evict them. (*See id.* at 8.) Because they fail to allege that they lost possession of the Property, their claim fails for this additional reason. *Price v. U.S. Bank Nat.* Ass'n, No. 3:13-cv-175-O, 2014 WL 803722, at *10 n.8 (N.D. Tex. Feb. 28, 2014); *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 767 (N.D. Tex. 2012)("Since Plaintiff has failed to allege that she has lost possession of the property, her claim for trespass to try title fails and should be dismissed with prejudice.").

or any other defense to acceleration and sale in accordance with Section 19.  (*Id.*)  They also argue that Defendant failed to provide them with notice that failure to timely cure their default would result in commencement of Defendant's remedies under Section 19.  (*Id.*)

Here, the Notice of Default provides the requisite notice of Plaintiffs' right to reinstate and bring a court action to assert the non-existence of a default or any other defense to acceleration and sale.  (*See* doc. 15 at 33.)  It fails, however, to inform Plaintiffs that a failure to timely cure their default would result in the commencement of remedies under Section 19.  (*See id.*)  Although the Notice of Default informs Plaintiffs that their failure to remedy their breach will result in the acceleration of the maturity of the note, it fails to mention any of the remedies outlined in that section: sale of the Property via a judicial foreclosure sale, an expedited foreclosure proceeding pursuant to the Texas Rules of Civil Procedure, or invocation of the power of sale pursuant to a court order.  (*See* doc. 15 at 15-16.)  According to Section 19, the Notice of Default must inform Plaintiffs that failure to cure their default will result in acceleration *and* the commencement of the remedies outlined in that section.  (*See id.* at 15.)  Therefore, the Notice of Default failed to comply with Section 19 because it did not inform Plaintiffs that their failure to cure their default would result in sale of the Property.  Accordingly, viewed in the light most favorable to Plaintiffs, the petition raises a reasonable inference that Defendant breached the Deed of Trust.[4]

However, Plaintiffs' petition fails to allege damages they sustained as a result of the alleged

---

[4]In its reply, Defendant points out that it specifically mentions acceleration and sale of the Property in the Notice of Default, and therefore there was no breach.  (doc. 18 at 3.)  Although the Notice of Default mentions sale of the Property in regards to Plaintiffs' right to bring a court action to assert any defense they have to acceleration and sale of the Property, it does not state that sale of the Property may occur as a result of Plaintiffs' default.  Therefore, the Notice of Default fails to comply with Section 19 despite its mention of sale of the Property.

breach.[5] They claim only that as a result of Defendant's breach, they were required to retain counsel to pursue this action.  (doc. 4 at 9.)  In the damages section, they also assert that they seek attorney's fees.[6]  (*Id.* at 16.)

Under Texas law, attorney's fees are not considered damages.  *See Richardson  v. Wells Fargo Bank, N.A.*, 740 F.3d 1035, 1037-38 (5th Cir. 2014)("Texas courts 'have long distinguished attorney's fees from damages[,]' ... [t]hus, attorney's fees for the prosecution or defense of a claim are not damages under Texas law.")(quoting *In re Nalle Plastics Family Ltd. P'ship*, 406 S.W.3d 168, 172 (Tex. 2013)); *Brown v. U.S. Bank Nat. Ass'n*, No. 3:14-cv-89-L, 2014 WL 3764887, at *10 (N.D.Tex July 31, 2014) ("[A]ttorney's fees that are incurred for the prosecution or defense of a claim do not constitute damages."); *Bancroft Life & Casualty ICC, Ltd. v. GRBR Ventures, L.P.*, 12 F. Supp.3d 980, 995 (S.D. Tex. 2014)("In Texas ... attorney's fees ... are not typically considered damages."); *Ausley v. Cross County Water Supply Corp.*, No. A-09-CA-660-SS, 2009 WL 5215401, at *3 (N.D. Tex. Dec. 28, 2009) ("[U]nder Texas law, attorney's fees are ordinarily not recoverable as actual damages.  In other words, 'suits cannot be maintained solely for the attorney's fees.'").

---

[5]In response to Defendant's allegations that they failed to adequately plead damages as part of their breach of contract claim, Plaintiffs contend that they will be irreparably harmed by wrongful foreclosure. (doc. 17 at 6.)  However, "[p]otential foreclosure is an insufficient basis for compensatory damages." *Balch v. JP Morgan Chase Bank, N.A.*, No. 3:14-cv-3666-M, 2015 WL 1592386, at *3 (N.D. Tex. Apr. 8, 2015).  Additionally, this damage allegation is raised for the first time in their response and is therefore not part of the pleadings to be considered for purposes of the motion for judgment.  *See Copeland v. D & J Construction LLC*, No. 3:13-cv-4432-N, 2015 WL 512590, at * 4 n. 3 (N.D. Tex. Feb. 6, 2015); *Hearn v. Deutsche Bank Nat. Trust Co.*, 3:13-cv-2417-B, 2014 WL 4055473, *4 n.3 (N.D. Tex. Aug. 15, 2014).

[6]Plaintiffs contend in the "Damages" section of their petition that "the Trust Deed has been unenforceable by Defendant" and that they seek recovery of the fees, costs, and all payments wrongfully collected by Defendant.  (doc. 4 at 10.)  Plaintiffs appear to attribute these fees, costs, and payments to their allegation that Defendant is not a Lender under the Deed of Trust in support of their quiet title and trespass to try title claims and not to their allegations regarding their breach of contract claim.  In their response, they do not mention fees, costs, and payments as part of the damages they assert due to the alleged breach of contract.  (*See* doc. 17 at 6.)  In any event, to the extent they do intend to assert such damages in support of their breach of contract claim, they fail to allege that they suffered such damages as a result of Defendant's alleged failure to provide sufficient notice pursuant to Section 19 of the Deed of Trust.  They have therefore failed to sufficiently allege the damages element of their breach of contract claim as to these damages.

Plaintiffs do not allege that they incurred any other damages as a result of Defendant's alleged breach.   They have therefore failed to sufficiently allege the damages element of their breach of contract claim, and their claim should be dismissed.   *See Brown*, 2014 WL 3764887, at *10  (finding plaintiffs failed to state a claim for breach of contract where they did not allege they incurred any damages other than mental anguish and attorney's fees, which are both unrecoverable as damages for breach of contract, and where they acknowledged that the foreclosure proceedings never took place and they continue to remain in possession of the Property).

## C.    Declaratory Judgment

Defendant argues that Plaintiffs' claims for declaratory judgment should be dismissed because Plaintiffs completely failed to state any underlying claim to support a declaratory judgment. (doc. 14 at 9.)

Plaintiffs' requests for declaratory relief in their petition arise under the Texas Declaratory Judgments Act, codified in §§ 37.001-37.011 of the Texas Civil Practice & Remedies Code.   (*See* doc. 4 at 8-9.)   "The Texas act is a procedural, rather than substantive, provision, and would generally not apply to a removed action such as this one."  *Brock v. Fed. Nat'l Mortg. Ass'n*, 2012 WL 620550, at *5 (N.D. Tex. Feb. 24, 2012) (citing *Utica Lloyd's of Tex. v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998)).  In light of its removal from state court, the action may be construed as one brought under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.  *See Bell v. Bank of Am. Home Loan Servicing LP*, 2012 WL 568755, at *8 (S.D. Tex. Feb. 21, 2012) (holding that "[w]hen a declaratory judgment action is filed in state court and is subsequently removed to federal court, it is converted to one brought under the federal Declaratory Judgment Act").

The federal Declaratory Judgment Act provides that "[i]n a case of actual controversy within

its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. The federal Declaratory Judgment Act "does not create a substantive cause of action" and "is merely a vehicle that allows a party to obtain an early adjudication of an actual controversy arising under other substantive law." *Metropcs Wireless, Inc. v. Virgin Mobile USA, L.P.*, 2009 WL 3075205, at *19 (N.D. Tex. Sept. 25, 2009) (Fitzwater, C.J.) (citations and internal quotation marks omitted). The Act is an authorization and not a command, and allows federal courts broad (not unfettered) discretion to grant or refuse declaratory judgment. *Id.*

Here, Plaintiffs seek declarations that Defendant had no right to invoke the power of sale because there was no transfer/assignment of the note to it, that Defendant is not the "Lender" as that term is defined in the Deed of Trust, and Defendant lacks any interest in the Property. (doc. 4 at 8.) They also seek a declaration that Defendant cannot bring a Rule 736 expedited foreclosure proceeding, or invoke any other remedies under Section 19 of the Deed of Trust, because it failed to satisfy the conditions precedent to pursuing Section 19 remedies. (*Id.* at 8-9.)

As discussed, Plaintiffs fail to state a plausible substantive claim for relief or show that a present genuine controversy exists between the parties. Defendant's motion should therefore be granted. *See Bell*, 2012 WL 568755, at *8 (denying the plaintiff's request for declaratory judgment where she had alleged no facts leading to a conclusion that a present controversy existed between her and the defendant); *Turner v. AmericaHomeKey, Inc.*, No. 3:11-CV-0860-D, 2011 WL 3606688, at *5–6 (N.D. Tex. Aug. 16, 2011) (Fitzwater, C.J.), *aff'd*, 2013 WL 657772 (5th Cir. Feb. 22, 2013) (declining to entertain the plaintiff's request for declaratory judgment where he had not pleaded a

14

plausible substantive claim).

## III.  RECOMMENDATION

Defendant's motion for judgment on the pleadings should be **GRANTED**,[7] and all of Plaintiffs' claim against it should be dismissed with prejudice.

**SO RECOMMENDED on this 13th day of October, 2015.**

*Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[7]In the conclusion to their response to the motion to dismiss, Plaintiffs request an opportunity to replead as an alternative to dismissal of their petition on grounds that they originally filed  their petition in state court, which has a different pleading standard.  (doc. 17 at 8.)  This statement does not comply with Local Rule 15.1 of the Local Civil Rules for the Northern District of Texas, which provides that when a party files a motion for leave to file an amended pleading, the party must attach the proposed amended pleading as an exhibit.  Compliance with the rules of procedure is required of all parties, whether or not they are represented by counsel, and leave to amend may be denied for non-compliance.  *Shabazz v. Franklin*, 380 F. Supp. 2d 793, 798 (N.D. Tex. 2005) (accepting recommendation).  Plaintiffs' non-compliant motion is therefore **DENIED** without prejudice to filing a motion that complies with the applicable rules of civil procedure, the local rules, and the scheduling order.

15