IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DANIEL M. CASTILLO and MARY R. CASTILLO, <br>     Plaintiffs, <br><br> v. <br><br> BENEFICIAL FINANCIAL I INC., <br>     Defendant. | § <br> § <br> § <br> § <br> §    Civil Action No. 3:13-CV-4554-M <br> § <br> § <br> § |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order No. 3-251*, this case was referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court for recommendation is *Plaintiffs' Motion for Summary Judgment*, filed September 16, 2016 (doc. 32). Based on the relevant filings and applicable law, the motion should be **DENIED.**

## I. BACKGROUND

This case involves the attempted foreclosure of the property located at 878 S. Munson Road, Royse City, Texas 75189-6354 (the Property). (*See* doc. 27 at 1-2.)[1] On October 24, 2013, Daniel M. Castillo and Mary R. Castillo (Plaintiffs) filed this action in state court against Beneficial Financial I Inc. (Defendant). (*See* doc. 4 at 5.) On November 14, 2013, Defendant removed the action to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332 and subsequently moved for judgment on the pleadings. (docs. 1, 13.) On October 29, 2015, the Court granted Defendant's motion but allowed Plaintiffs an opportunity to seek leave to amend their complaint before dismissing the case. (doc. 21.) After being granted leave, on June 1, 2016, Plaintiffs filed

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

an amended complaint alleging breach of contract and seeking a declaratory judgment that Defendant cannot foreclosure upon the property. (docs. 22, 26, 27.)

Plaintiffs allege that they acquired the Property via a general warranty deed on or about October 23, 1995. (doc. 27 at 2.) On October 19, 2007, they executed a loan agreement for a home equity loan from Beneficial Texas Inc. (Original Lender) in the original principal amount of $171,900.07 (the Loan Agreement). (*Id*.) They also executed a Mortgage Home Equity - First Lien (the Deed of Trust), which secured payment of the Loan Agreement.[2] (*Id*.) The Deed of Trust provided that Original Lender was the mortgagee or beneficiary. (*Id*.) Section 19 of the Deed of Trust provided, in relevant part:

> Lender shall give notice to Borrower prior to acceleration following Borrower's breach . . .The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice will result in acceleration of the sums secured by this Mortgage and commencement of Lender's remedies hereunder. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale.
> . . .
> If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Mortgage without further demand and . . . upon written request of Lender may, institute proceedings to foreclose the lien of this Mortgage either by judicial foreclosure or by court order in accordance with the rules of civil procedure for expedited foreclosure proceedings promulgated from time to time by the Texas Supreme Court pursuant to the provisions of Article XVI, Section 50(r) of the Texas Constitution or, to the extent such promulgated rules or a court order permit, Lender may invoke the

---

[2] On September 22, 2009, Original Lender and Defendant entered into an Articles of Merger and an Agreement and Plan of Merger of Beneficial Texas Inc. With and Into Beneficial Financial I Inc. (the Merger Agreement), pursuant to which Original Lender merged with and into Defendant effective October 1, 2009 (with Defendant being the surviving corporation). (doc. 15 at 20-30.) As of October 1, 2009, Original Lender was merged into Defendant, and Defendant possessed "all the assets, properties, rights, privileges . . . of [Original Lender], and . . . all property, real, personal and mixed, and all debts due to [Original Lender] on whatever account, including as note holder and mortgagee on all Original Lender notes and mortgages respectively." (*Id*. at 26.)

power of sale. (doc. 32-1 at 21-22.)

On April 16, 2011, Defendant sent Plaintiffs a Notice of Right to Cure Default in both English and Spanish (the Notice of Default). (doc. 32 at 3-4.) The Notice of Default informed Plaintiffs that the terms of the Loan Agreement and the Deed of Trust had been breached due to Plaintiffs' failure to make payments that were due on or after November 24, 2010, and informed them of the total amount they would have to pay in order to cure the default. (doc. 32-1 at 56-57.) The Notice of Default further stated:

> We have declared your loan past due and will accelerate the maturity of the Note if the above referenced breach is not remedied as outlined by this letter. You have the right to reinstate after acceleration and to bring court action to assert the non-existence of a default or any other defense you may have to acceleration and sale of your property. For assistance on possible foreclosure prevention, loss mitigation or loan work-out options and to discuss your account, please contact us . . . to discuss this urgent matter. (*Id*.)

On July 19, 2012, the law firm Hughes, Watters, and Askanase (Law Firm) sent Plaintiffs a notice under the Fair Debt Collection Practices Act (FDCPA) stating that it represented Defendant and was authorized to administer any foreclosure of the Property. (*Id*. at 67.) It also stated that the loan was in default and that this "letter constitutes notice required by law and the terms of the applicable Loan documents." (*Id*. at 68.) On March 11, 2013, the Law Firm sent another notice entitled "Notice of Acceleration of Texas Non-Recourse Home Equity Loan," stating that Plaintiffs had failed to cure their default and providing information on how to determine the amount necessary to prevent a foreclosure sale. (*Id*. at 69-70.) This notice included the following paragraph:

> This letter constitutes notice required by law and the terms of the applicable Loan documents. To the extent that you have received a discharge in bankruptcy of the Loan and the Loan was not reaffirmed and/or you are a debtor in a pending bankruptcy and/or you are not an Obligor on the debt secured by the Loan, this notice does not constitute an attempt to collect a debt from you personally and/or in violation of the discharge injunction . . . or the automatic stays . . . but rather serves

3

as notice that [Defendant] is exercising its in rem rights only (the right to enforce the lien on the Property securing the debt) under applicable law. (*Id.*)

On August 2, 2013, Defendant attempted to invoke the power of sale under the Deed of Trust by filing an Application for Home Equity Foreclosure Order and Affidavit under Tex. R. Civ. P. 736 in state district court. (*Id.* at 28-35.) That state action was abated and dismissed on October 25, 2013, because Plaintiffs filed this lawsuit. (*Id.* at 89.) They remain in possession of the Property. (doc. 38 at 8.)

Plaintiffs allege that due to Defendant's breach of the Deed of Trust, they have suffered damages in the form of foreclosure fees[3] levied by Defendant in the amount of $528.15, fees paid to Foreclosure Rescue Legal Services Company[4] for "assistance in remedying the alleged default and avoiding foreclosure" in the amount of $2,250.00, and attorney's fees in the amount of $750.00 per month to "resolve the issues with Defendant and return their Note to good standing to avoid foreclosure." (doc. 32 at 4-5.) They further seek declaratory judgment that Defendant cannot bring expedited foreclosure proceedings or invoke any remedy contained in Section 19 because of the failure to satisfy the conditions precedent in the Deed of Trust. (doc. 27 at 3.)

On September 16, 2016, Plaintiffs moved for summary judgment on their breach of contract and declaratory judgment[5] causes of action. (doc. 32.) With a timely-filed response (doc. 37) and

---

[3] These fees include a $289.00 charge for attorney/trustee fees, a $238.15 change for foreclosure title fees, and a $1.00 charge for foreclosure sheriff's fees and costs. (*See* doc. 32 at 5.)

[4] Plaintiffs do not explain the type of services offered by the Foreclosure Rescue Legal Services Company, but their summary judgment evidence describes it as "Attorneys designated by Foreclosure Rescue, who are duly licensed and practicing Attorneys, and their legal support staff." (doc. 32-1 at 71.)

[5] Plaintiffs do not identify the statutory basis for their declaratory judgment action in their amended complaint or summary judgment motion, so it is construed as arising under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, which provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. The Act "does not

4

reply (doc. 42), the motion is now ripe for recommendation.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record that reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Id.* at 324. To carry this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-movant must show that the evidence is sufficient to support a resolution of the factual issue in her favor. *Anderson*, 477 U.S. at 249.

"The parties may satisfy their respective burdens by 'citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials.'" *Rooters v. State Farm Lloyds*, 428 F. App'x 441, 445 (5th Cir. 2011) (citing Fed. R. Civ. P. 56(c)(1)). While

---

create a substantive cause of action" and "is merely a vehicle that allows a party to obtain an early adjudication of an actual controversy arising under other substantive law." *Metropcs Wireless, Inc. v. Virgin Mobile USA, L.P.*, No. 3:08-CV-1658-D, 2009 WL 3075205, at *19 (N.D. Tex. Sept. 25, 2009) (citations and internal quotation marks omitted).

all of the evidence must be viewed in a light most favorable to the motion's opponent, *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)), neither conclusory allegations nor unsubstantiated assertions satisfy the non-movant's summary judgment burden, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to his case and as to which he will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.[6]

### III. BREACH OF CONTRACT

Plaintiffs move for summary judgment on their breach of contract claim.

"In Texas, the essential elements of a breach of contract action are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (internal quotation marks and citation omitted). It is undisputed that the Deed of Trust is a valid contract, so the first element is not at issue. (*See* docs. 32 at 7, 38 at 7-8.)

**A.** **Performance by Plaintiffs**

As to the second element, Plaintiffs argue that "Texas law clearly affords [them] the right to enforce contractual notice requirements even if they themselves are in default" and failed to perform under the Deed of Trust. (doc. 42 at 3.) Defendant responds that Plaintiffs failed to meet

---

[6] Rule 56 imposes no obligation "to sift through the record in search of evidence to support a party's opposition to summary judgment." *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)).

this element because they have not provided evidence showing that they fully performed under the Deed of Trust. (doc. 38 at 9.)

Under Texas law, it is a "well established rule that a party to a contract who is himself in default cannot maintain a suit for its breach." *Langlois v. Wells Fargo Bank Nat. Ass'n*, 581 F. App'x 421, 425 (5th Cir. 2014) (citing *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex.1990)). When the duty under a contract is triggered by a party's failure to perform, however, courts have held in similar fact situations that a borrower's loan default does not excuse the lender from providing proper notice of acceleration. *See Miller v. CitiMortgage, Inc.*, 970 F. Supp. 2d 568, 580 (N.D. Tex. 2013); *see also Mathis v. DCR Mortg. III Sub, I, LLC*, 952 F. Supp. 2d 828, 837 (W.D. Tex. 2013). It is "illogical for the Court to conclude that [a borrower] cannot enforce [a lender's] obligations, assumed to be contractual, which arise after [the borrower's] default merely because [that borrower] is in default. If that were appropriate, then the [alleged contractual notice provisions] would become practically meaningless." *Franklin v. BAC Home Loans Serv., L.P.*, No. 3:10–CV–1174–M, 2011 WL 248445, at *2 (N.D. Tex. Jan. 26, 2011).

Here, Defendant still had the duty to provide proper notice of acceleration because its obligation arose after Plaintiffs' default occurred. *See Franklin*, 2011 WL 248445, at *2; *see also Mathis*, 952 F. Supp. 2d at 837. As a matter of law, Plaintiffs are therefore not required to provide evidence that they fully performed under the Deed of Trust in order to be entitled to summary judgment on their breach of contract claim.

**B.     Breach of the Deed of Trust**

As to the third element, Plaintiffs point to Section 19 of the Deed of Trust, the Notice of Default, the two letters from the Law Firm, and their affidavit as evidence that Defendant breached

7

the notice provisions under the Deed of Trust. (doc. 32 at 5-9.)

For a foreclosure sale to be valid, Texas courts have "consistently held that the terms set out in a deed of trust must be strictly followed." *Univ. Sav. Ass'n v. Springwoods Shopping Ctr.*, 644 S.W.2d 705, 706 (Tex. 1982). This means that "[c]ompliance with the notice condition contained in the deed of trust and as prescribed by law is a prerequisite to the right of the trustee to make the sale." *Houston First American Sav. v. Musick*, 650 S.W.2d 764, 768 (Tex. 1983). When there has not been a foreclosure sale under a deed of trust, however, the Fifth Circuit has recently noted that there did not appear to be any Texas case law that "supports the proposition that a failure to so 'strictly' comply [with the notice provisions of the deed of trust] constitutes an actionable breach of contract." *See Choe v. Bank of America, N.A.*, 605 F. App'x 316, 321 (5th Cir. 2015).

Here, Plaintiffs proffer evidence that Defendant sent correspondence regarding Plaintiffs' default under the Deed of Trust on three occasions.[7] (*See* doc. 32.) The initial Notice of Default stated:

> We have declared your loan past due and will accelerate the maturity of the Note if the above referenced breach is not remedied as outlined by this letter. You have the right to reinstate after acceleration and to bring court action to assert the non-existence of a default or any other defense you may have to acceleration and sale of your property. For assistance on possible foreclosure prevention, loss mitigation or loan work-out options and to discuss your account, please contact us . . . to discuss this urgent matter.

(doc. 32-1 at 56.) Two additional letters from the Law Firm each state that this "letter constitutes notice required by law and the terms of the applicable Loan documents" and "serves as notice that [Defendant] is exercising its in rem rights only (the right to enforce the lien on the Property securing

---

[7] Defendant submits additional correspondence regarding the default that it allegedly sent to Plaintiffs, including one letter dated June 12, 2012, that is titled "Foreclosure Initiation"; it states that their "loan remains seriously delinquent and has been referred to foreclosure counsel for foreclosure proceedings" and identifies Plaintiffs' options on how to cure the default. (doc. 39 at 95.)

the debt) under applicable law." (*Id*. at 67-70.)  Plaintiffs also proffer affidavit evidence that describes their actions after they received the Notice of Default and states "[a]round [the] time" they "received a Notice of Right to Cure Default from [Defendant] . . . [they] engaged the services of Foreclosure Rescue" and approximately four months later, hired their current counsel. (*Id*. at 4.) It further states that they used the services of Foreclosure Rescue and their counsel to address the alleged default, avoid foreclosure, and attempt a loan modification and workout. (*Id*.)

Plaintiffs argue that the notices are deficient because they fail to inform them about the commencement of Defendant's remedies or state that the remedies were "including but not limited to an application for expedited foreclosure order, sale of the property via a judicial foreclosure sale, and invocation of the power of sale." (doc. 32 at 8.)  Section 19 of the Deed of Trust, however, does not require that the notice include particular language or individually identify each of Defendant's potential remedies upon breach. (*See* doc. 32-1 at 21.) It only states that the notice must specify that "failure to cure the default . . . will result in acceleration of the sums secured by this Mortgage and commencement of [Defendant's] remedies hereunder." (*Id*.) Plaintiffs' actions immediately after receiving the Notice of Default, as described in their own affidavit, show that they understood that they needed professional services to help them "avoid foreclosure" by Defendant. (*Id*. at 4.) Because all of the evidence, and inferences to be taken therefrom, which must be viewed in a light most favorable to the non-movant, Plaintiffs have failed to identify summary judgment evidence establishing that there is no genuine issue of material fact as to Defendant's breach of the notice provisions in Section 19 of the Deed of Trust. *See Anderson*, 477 U.S. at 255; *see also Choe*, 605 F. App'x at 321 (holding that plaintiffs did not meet their summary judgment burden as to the third element of a breach of contract action when "through their pleadings and the records properly before

the district court, the [plaintiffs] impliedly admitted to receiving actual notice of the foreclosure despite the misspelling of [the name of one of the plaintiffs] in the written notices").

Accordingly, Plaintiffs have failed to meet their summary judgment burden on the third element.

## C.     Damages Caused by Defendant's Breach

As to the fourth and final element, Plaintiffs provide invoices from Foreclosure Rescue, their mortgage statement that includes "three foreclosure-related items," and their affidavit as evidence that Defendant's alleged breach of the Deed of Trust caused them damages. (doc. 32 at 9-11.)

An essential element of a breach of contract action is the existence of a causal connection between the alleged breach and the damages sought. *See X Techs., Inc. v. Marvin Test Sys., Inc.*, 719 F.3d 406, 412 (5th Cir. 2013). The plaintiff must show that its "loss is the natural, probable, and foreseeable consequence of the defendant's conduct." *Mead v. Johnson Grp., Inc.*, 615 S.W.2d 685, 687 (Tex. 1981). This "question of causation (foreseeability) which controls liability should be determined from the facts and circumstances of each particular case, and except where reasonable minds cannot differ, the issue is one for the jury." *Strakos v. Gehring*, 360 S.W.2d 787, 792 (Tex. 1962). "For a party to recover damages for . . . breach of the deed of trust, he must show that he has suffered a loss or material injury as the result of an irregularity in the foreclosure sale." *Wells Fargo Bank, N.A. v. Robinson*, 391 S.W.3d 590, 594 (Tex. App.–Dallas 2012, no pet.) (citing *Univ. Savs. Ass'n*, 644 S.W.2d at 706).

Here, Plaintiffs contend that Defendant's breach caused them monetary damages in the form

10

of foreclosure charges on their loan account, legal service fees, and attorneys' fees.[8] (doc. 32 at 9.) They, however, do not provide any evidence that a foreclosure sale has taken place or that they had to relinquish possession. (*See* doc. 32.) They instead only make conclusory assertions that "they would not have incurred these charges and expenses if Defendant had complied with the contract." (*Id*. at 11.) When the evidence is viewed in a light most favorable to the non-movant, Plaintiffs do not meet their summary judgement burden to provide evidence showing no genuine issue of material fact that their damages were produced and caused by Defendant's alleged failure to comply with the notice provisions. *Balch v. JP Morgan Chase Bank, N.A.*, No. 3:14-CV-3666-M, 2015 WL 1592386, at *3 (N.D. Tex. Apr. 8, 2015) (explaining that "[p]otential foreclosure is an insufficient basis for compensatory damages"); *see also Johnson v. Bank of America, N.A.*, No. H-13-2029, 2014 WL 4923970, at *8 (S.D. Tex. Sept. 30, 2014) (finding on summary judgment that plaintiffs did not prove any damages as a result of defects of the notice of default because no foreclosure sale had taken place and the plaintiffs had retained possession of the property).

Accordingly, Plaintiffs have failed to meet their summary judgment burden on the third and fourth elements of their breach of contract claim, and they are not entitled to judgment as a matter of law or to declaratory judgment.[9]

---

[8] Plaintiffs have also not shown entitlement to attorney's fees because attorney's fees are typically not considered damages under Texas law. *See Richardson v. Wells Fargo Bank, N.A.*, 740 F.3d 1035, 1037-38 (5th Cir. 2014) ("Texas courts 'have long distinguished attorney's fees from damages[,]' . . . [t]hus, attorney's fees for the prosecution or defense of a claim are not damages under Texas law.") (quoting *In re Nalle Plastics Family Ltd. P'ship*, 406 S.W.3d 168, 172 (Tex. 2013)); *see also Brown v. U.S. Bank Nat. Ass'n*, No. 3:14-CV-89-L, 2014 WL 3764887, at *10 (N.D. Tex. July 31, 2014) ("[A]ttorney's fees that are incurred for the prosecution or defense of a claim do not constitute damages.").

[9] Although Plaintiffs state that they seek summary judgment on their declaratory judgment action, they provide no argument or briefing for it. (*See* docs. 31, 32.) Because summary judgment should be denied on Plaintiffs' sole claim for breach of contract, their request for a declaration that Defendant cannot invoke any other remedies under Section 19 of the Deed of Trust should be similarly denied. *See Metropcs Wireless, Inc.*, 2009 WL 3075205, at *19 (explaining that the Declaratory Judgment Act is an authorization and not a command, which allows federal courts broad but not unfettered discretion to grant or refuse declaratory judgment).

## IV. RECOMMENDATION

Plaintiffs' motion for summary judgment should be **DENIED**.

**SO RECOMMENDED on this 15th day of May, 2017.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE